# United States Court of Appeals for the Fifth Circuit

_____

No. 25-50443
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pablo Garcia-Zamora,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-11-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

Pablo Garcia-Zamora appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b), arguing the enhancement of his sentence under § 1326(b) is unconstitutional because it is based on facts not alleged in the indictment and either admitted or proved beyond a reasonable doubt. The Government has moved for summary affirmance or, alternatively, for an

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50443

extension of time in which to file a brief.  While Garcia-Zamora takes no position on summary affirmance, he acknowledges his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Garcia-Zamora is correct that his argument is foreclosed.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).  Summary affirmance is thus appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.